# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **IVIN GUNN, *et al.*,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:16-cv-161-WKW-PWG** |
| | ) | |
| **BANK OF AMERICA, N.A., *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>REPORT AND RECOMMENDATION</u>

On February 5, 2016, Plaintiffs Ivin Gunn and Qunita Williams filed a civil complaint in the Circuit Court of Montgomery County, Alabama. (Doc. 1-7 at p. 3). Plaintiffs sue Defendants Bank of America, N.A. ("Bank of America") and Selene Finance, LP ("Selene Finance"), seeking damages arising from Defendants' actions and inactions in the servicing of Plaintiff's mortgage loan. On March 11, 2016, Selene Finance removed this case to the United States District Court for the Middle District of Alabama. (Doc. 1).

Plaintiffs' complaint alleges state law claims against Defendants under the following six counts: fraudulent misrepresentation (Count 1); negligence (Count 2); wantonness (Count 3); breach of contract (Count 4); fraudulent suppression (Count

5); and intentional infliction of emotional distress (Count 6).[1]  Before the court are motions to dismiss filed by Bank of America (Doc. 6) and Selene Finance (Doc. 7). For the reasons stated herein, the Magistrate Judge **RECOMMENDS** that Bank of America's motion to dismiss (Doc. 6) be **GRANTED** in its entirety and that Selene Finance's motion to dismiss (Doc. 7) be **DENIED in part** and **GRANTED in part**.

## I.    JURISDICTION

Subject matter jurisdiction over Plaintiffs' claims is conferred by 28 U.S.C. § 1332.  The parties do not dispute venue or personal jurisdiction, and there are adequate allegations in Plaintiffs' complaint to support both.[2]  On April 27, 2016, this matter was referred to the undersigned by Chief U.S. District Judge W. Keith Watkins for disposition or recommendation on all pretrial matters.  (Doc. 13).  *See also* 28 U.S.C. § 636(b); Rule 72, Fed. R. Civ. P.; *United States v. Raddatz,* 447 U.S. 667 (1980); *Jeffrey S. v. State Board of Education of State of Georgia,* 896 F.2d 507 (11th Cir. 1990).

---

[1]  In the first paragraph of their complaint, Plaintiffs reference a defamation claim.  (Doc. 1-7 at 1).  They, however, do not mention defamation anywhere else in the complaint.  Plaintiffs subsequently acknowledge that they do not seek to assert a cause of action for defamation.  (Doc. 9 at p. 2 n.1).

[2]  Before this case was removed, Plaintiffs filed a Motion to Transfer Venue in the Montgomery County circuit court.  (Doc. 1-1 at 30-31).  Plaintiffs argued that venue was proper in Chambers County, Alabama, rather than Montgomery County.  Both Montgomery County and Chambers County are located within the Middle District of Alabama.  Accordingly, no dispute exists as to whether venue is proper in the Middle District of Alabama.

## II.    BACKGROUND AND FACTS[3]

Plaintiffs executed a mortgage on or about December 7, 2006, which was later assigned to Bank of America.  (Doc. 1-7 at p. 2).  The initial amount of the mortgage was $95,501.00 with an annual interest rate of 6.75%.  (Doc. 1-7 at p. 3).  The mortgage was secured by Plaintiffs' home located in Opelika, Alabama.  (Doc. 1-7 at p. 3).

On September 29, 2010, Plaintiff Gunn filed for bankruptcy protection under Chapter 13 in the United States Bankruptcy Court for the Middle District of Alabama, Case No. 10-81567.  (Doc. 1-7 at p. 3).  Plaintiffs allege that they applied through Bank of America for a Loan Modification Agreement pursuant to the Home Affordable Mortgage Program.  (Doc. 1-7 at p. 3).  Bank of America granted Plaintiffs a temporary loan modification and instructed Plaintiffs to make three trial payments.  (Doc. 1-7 at p. 3).  Plaintiffs completed the trial payments as directed. (Doc. 1-7 at p. 3).

On September 17, 2013, Plaintiffs entered into a permanent Loan Modification Agreement with Bank of America.  (Doc. 1-7 at p. 3).  Under the permanent Loan Modification Agreement, the new principal balance on the mortgage was $89,316.03 with an annual interest rate of 4%.  (Doc. 1-7 at pp. 13-14).  According to Plaintiffs,

---

[3] These are the facts for purposes of ruling on the pending motions to dismiss.  They are gleaned from the allegations in the complaint.

the Loan Modification Agreement included all arrearages and reduced the monthly payment, consisting of principal, interest, and escrow payments, to $600.73. (Doc. 1-7 at pp. 3, 14). On October 14, 2013, Bank of America filed a motion in Plaintiff Gunn's bankruptcy case seeking court approval of the Loan Modification Agreement. (Doc. 1-7 at p. 3). The bankruptcy court subsequently granted the motion. (Doc. 1-7 at p. 3).

Some time before April of 2015, Plaintiffs' mortgage loan was transferred from Bank of America to Selene Finance. (Doc. 1-7 at p. 3). From October of 2013 until July of 2015, Plaintiffs made all payments pursuant to the Loan Modification Agreement, with some payments made to Bank of America and other payments made to Selene Finance. (Doc. 1-7 at p. 4). Plaintiff Gunn was discharged from bankruptcy on June 9, 2015. (Doc. 1-7 at p. 4).

On August 26, 2015, Selene Finance sent Plaintiffs a "Notice of Default and Intent to Accelerate," claiming that Plaintiffs had $29,245.71 in arrears. (Doc. 1-7 at pp. 4, 22-23). Plaintiffs attempted to make payments pursuant to the Loan Modification Agreement, but Selene Finance refused the payments. (Doc. 1-7 at p. 4). Selene Finance informed Plaintiffs that the Loan Modification Agreement was rejected in 2013 and, as a result, was null and void. (Doc. 1-7 at p. 4). Plaintiffs received no notice of the rejection. (Doc. 1-7 at p. 4).

4

### III.   PLAINTIFFS' CLAIMS

Plaintiffs' complaint alleges state law claims against Bank of America and Selene Finance under the following six counts: fraudulent misrepresentation (Count 1); negligence (Count 2); wantonness (Count 3); breach of contract (Count 4); fraudulent suppression (Count 5); and intentional infliction of emotional distress (Count 6).  (Doc. 1-7 at pp. 4-8).  Plaintiffs seek both compensatory and punitive damages.  (Doc. 1-7 at p. 8).

### IV.   MOTION TO DISMISS STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the Complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

When evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court must take "the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff."  *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663 (alteration in original) (citation omitted). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The standard also "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" of the claim. *Twombly*, 550 U.S. at 556. While the complaint need not set out "detailed factual allegations," it must provide sufficient factual amplification "to raise a right to relief above the speculative level." *Id.* at 555.

"So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Twombly*, 550 U.S. 558 (quoting 5 Wight & Miller § 1216, at 233-34 (quoting in turn *Daves v.*

6

*Hawaiian Dredging Co.*, 114 F.Supp. 643, 645 (D. Haw. 1953)) (alteration original).

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556).

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 679.

Generally, a motion to dismiss must be converted to a motion for summary judgment if the court considers materials outside of a complaint. *See* Fed. R. Civ .P. 12(d); *Day v. Taylor,* 400 F.3d 1272, 1275–76 (11th Cir.2005). However, the Court need not make this conversion when considering a document attached to the complaint if "the attached document is (1) central to the plaintiff's claim and (2) undisputed." *Day*, 400 F.3d at 1276. *See also Arango v. U.S. Dep't of the Treasury,* 115 F.3d 922, 923 n. 1 (11th Cir. 1997) ("Documents attached to and incorporated into the complaint were properly before the district court on a motion to dismiss."). A document is "undisputed" when its authenticity is unchallenged. *Day,* 400 F.3d at 1276. *See also Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999) (stating

that "a document central to the complaint that the defense appends to its motion to dismiss is also properly considered, provided that its contents are not in dispute").

In addition, courts may take judicial notice of public record without converting the motion to dismiss into one for summary judgment. *See Horne v. Potter*, 392 Fed. Appx. 800, 802 (11th Cir. 2010) (holding that district court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment where the documents "were public records that were 'not subject to reasonably dispute' because they were 'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned'") (citations omitted); *Clark v. Bibb Cnty. Bd. of Educ.,* 174 F. Supp. 2d 1369, 1370 (M.D. Ga. 2001) ("A court evaluating a motion to dismiss for failure to state a claim upon which relief can be granted ... may ... consider any attachments to the complaint, matters of public record, orders, and items appearing in the record.").

Bank of America has attached several documents to its motion to dismiss, consisting of: (1) Plaintiff's mortgage agreement on the subject property (Doc. 6-1); (2) the assignment of the mortgage to Bank Of America (Doc. 6-2); (3) the Loan Modification Agreement (Doc. 6-3 at pp. 1-9); and (4) the bankruptcy court's order, dated November 19, 2013, granting Plaintiff Gunn's motion to modify the mortgage (Doc. 6-3 at p. 10). Selene Finance, in turn, has attached several documents to both

8

its motion to dismiss and reply brief, consisting of (1) the Loan Modification Agreement (Doc. 7-1); (2) Selene Finance's response to the Notice of Final Cure Payment, filed in Plaintiff Gunn's bankruptcy case (Doc. 7-2); (3) the bankruptcy trustee's response to Selene Finance's response to the Notice of Final Cure Payment, filed in Plaintiff Gunn's bankruptcy case (Doc. 7-3); (4) Plaintiff's mortgage note on the subject property (Doc. 7-4); (5) Plaintiff's mortgage agreement on the subject property (Doc. 7-5); (6) Selene Finance's Notice of Default and Intent to Accelerate (Doc. 7-6); (7) Selene Finance's Motion for Relief from the Automatic Stay, filed in Plaintiff Williams's bankruptcy case (Doc. 10-1); and (8) the Trustee's Motion to Dismiss and Order of Dismissal, filed in Plaintiff Williams's bankruptcy case (Doc. 10-2).

With regard to documents submitted by Bank of America and Selene Finance that relate to Plaintiffs' mortgage contract as modified, such documents have either been referenced in the complaint or attached thereto. These documents are central to Plaintiff's claims, and there is no dispute as to their authenticity. Furthermore, as to the remaining documents that were filed in Plaintiffs' bankruptcy cases, the court takes judicial notice of them as matters of public record which are not subject to reasonable dispute. The undersigned, therefore, considers these documents in

conjunction with the motions to dismiss and does not convert them to motions for summary judgment.

## V.    DISCUSSION

Bank of America and Selene Finance each move for the dismissal of Plaintiffs' causes of action.  (Docs. 6 and 7).  In their response to the motions, Plaintiffs concede to the dismissal of their claims of negligence (Count 2), wantonness (Count 3), and intentional infliction of emotional distress (Count 6).  These claims, therefore, are due to be dismissed.

### A.    Breach of Contract

To facilitate the discussion, Plaintiffs' breach of contract claim in Count 4 will be addressed first.  Plaintiffs claim that: (1) the mortgage contract as modified by the Loan Modification Agreement constitutes a valid contract between Plaintiffs and each defendant; (2) Plaintiffs performed all obligations under the contract; (3) the defendants breached their obligations under the contract; and (4) Plaintiffs suffered damages as a result.  (Doc. 1-7 at p. 6).

In its motion to dismiss, Bank of America contends that Plaintiffs have pointed "to no specific provision within the Modification which Bank of America supposedly breached or what actions on the part of [Bank of America] constitute a breach." (Doc. 6 at p. 8).  Selene Finance contends in its motion to dismiss that it committed

no actions that could be construed as breaching any contract with Plaintiffs.  (Doc. 7 at p. 12).

Under Alabama law, the elements of a claim for breach of contract are (1) a valid contract binding the parties; (2) the plaintiff's performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages. *Reynolds Metals Co. v. Hill,* 825 So. 2d 100, 105–06 (Ala.2002). The elements of a valid contract include " 'an offer and an acceptance, consideration, and mutual assent to terms essential to the formation of a contract.'"  *Ex parte Grant,* 711 So. 2d 464, 465 (Ala.1997) (quoting *Strength v. Ala. Dep't of Fin.,* 622 So.2d 1283, 1289 (Ala. 1993)).

Plaintiffs' complaint adequately alleges that valid contracts exist between Plaintiffs and both Bank of America and Selene Finance.  The original note and mortgage, executed on or about December 7, 2006, were subsequently assigned to Bank of America on September 4, 2012.  (Doc. 1-7 at p. 2; Doc. 6-2 at p.1).  Pursuant to the terms of the original note and mortgage, in the event of Plaintiffs' failure to pay in full any monthly payment, Bank of America is permitted to accelerate the mortgage and demand full payment of the remaining balance due.  (Doc. 7-4 at p. 3; Doc. 7-5 at p. 5).

The Loan Modification Agreement, executed on September 17, 2013, provides that Plaintiffs "will be in default if [they] do not comply with the terms of the

Modified Loan Documents," including the requirement of making specified monthly payments on the first day of each month beginning September 1, 2013." (Doc. 7-1 at p. 5). Because the Loan Modification Agreement does not include any terms relating to the consequences of defaulting, the original note and mortgage apply in determining the consequences of default. (Doc. 7-1 at p. 6). At some time before April of 2015, Plaintiff's mortgage loan was transferred from Bank of America to Selene Finance. (Doc. 1-7 at p. 3). Plaintiff, therefore, has alleged the first element of a breach of contract claim against both defendants.

The court now turns to consider the parties respective performances under the mortgage contract as modified. After Plaintiff Gunn filed for bankruptcy protection in 2010, Plaintiffs sought to enter into a Loan Modification Agreement with Bank of America in 2013. (Doc. 1-7 at p. 3). The Loan Modification Agreement included all arrearages and reduced the monthly payment, consisting of principal, interest, and escrow payments, to $600.73. (Doc. 1-7 at pp. 3, 14).

On October 14, 2013, Bank of America filed a motion in Plaintiff Gunn's bankruptcy case seeking court approval of the Loan Modification Agreement. (Doc. 1-1 at pp. 22-23; Doc. 1-7 at p. 3). Bank of America stated in its motion that "[t]his modification will include all arrearages past due as of the modification preparation

date." (Doc. 1-1 at p. 22).  The bankruptcy court subsequently granted the motion on November 21, 2013.  (Doc. 1-7 at p. 3; Doc. 7-3 at p. 2).

Plaintiffs state in their complaint that, from October of 2013 until July of 2015, they made all payments pursuant to the Loan Modification Agreement, with some payments made to Bank of America and other payments made to Selene Finance. (Doc. 1-7 at p. 4).  Nevertheless, on August 26, 2015, Selene Finance sent Plaintiffs a "Notice of Default and Intent to Accelerate," claiming that Plaintiffs had $29,245.71 in arrears.  (Doc. 1-7 at pp. 4, 22-23).  Plaintiffs attempted to make payments pursuant to the Loan Modification Agreement, but Selene Finance refused the payments.  (Doc. 1-7 at p. 4).

Plaintiffs allegations are sufficient to state the second and third elements of a breach of contract claim against Selene Finance as they indicate that: (1) Plaintiffs satisfied the terms of the mortgage contract as modified; and (2) Selene Finance breached its obligations by prematurely finding Plaintiffs to be in default and then seeking to accelerate on the mortgage loan.  Furthermore, Plaintiffs' allegations against Selene Finance are sufficient to state they were damaged as a result of the breach.

In its reply brief, Selene Finance argues for the first time that Plaintiff's breach of contract claim is defective because the Loan Modification Agreement was never

approved by the bankruptcy court in Plaintiff Williams's separate bankruptcy proceeding. (Doc. 10 at p. 6). Without citing any authority, Selene Finance argues that the modification "clearly requires approval of the Bankruptcy Court in Willliams' bankruptcy case as well." (Doc. 10 at p. 6). Plaintiffs' complaint, however, states that the Loan Modification Agreement was approved in Plaintiff Gunn's bankruptcy, and Selene Finance cites no authority to suggest that its terms were not binding on the parties. Selene Finance's argument, therefore, is rejected. When viewing the allegations in the complaint as true, Plaintiffs have alleged enough to state a plausible breach of contract claim against Selene Finance.

While alleging facts regarding Selene Finance's breach of the contract, Plaintiff has alleged nothing to indicate that Bank of America breached any portion of the mortgage contract as modified. Plaintiffs point to no specific provision within either the original mortgage contract or the Loan Modification Agreement which Bank of America supposedly breached. Some time before April of 2015, Plaintiff's mortgage loan was transferred from Bank of America to Selene Finance. (Doc. 1-7 at p. 3). Plaintiffs make no allegations in the complaint that Bank of America ever sought to accelerate on the loan when Plaintiffs were making their timely payments. Consequently, even when viewing the allegations in the complaint as true, Plaintiffs have failed to state a plausible breach of contract claim against Bank of America. *See*

*Iqbal*, 556 U.S. at 678 (recognizing that a claim must be supported by facts, not "[t]hreadbare recitals of the elements of a cause of action," in order to state a cause of action).

### B.     Fraudulent Misrepresentation

Plaintiffs claim in Count 1 that "Defendants made material misrepresentations to Plaintiff for which they relied on and have been damaged because of said misrepresentations." (Doc. 1-7 at p. 4).  Bank of America and Selene Finance each contend in their motions to dismiss that Plaintiffs have not alleged their fraudulent misrepresentation claim with sufficient particularity under Federal Rule of Civil Procedure 9(b).  (Doc. 6 at p. 5; Doc. 7 at pp. 4-6).

Selene Finance further contends that Plaintiffs cannot show that Selene Finance made any fraudulent misrepresentations regarding the mortgage payments owed or that Plaintiffs' reliance on the alleged misrepresentations was reasonable.  (Doc. 7 at pp. 6-8).  Bank of America argues that Plaintiffs have presented nothing in their complaint "to indicate that Bank of America engaged in any type of fraudulent behavior."  (Doc. 6 at 6).

"Misrepresentations of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently and acted on by the opposite party, constitute legal fraud."  Ala. Code §

6-5-101.  To succeed on a claim of fraudulent misrepresentation, a plaintiff must show: "'(1) a false representation (2) concerning a material existing fact (3) [reasonably] relied upon by the plaintiff (4) who was damaged as a proximate result.'" *Fisher v. Comer Plantation, Inc.*, 772 So. 2d 455, 463 (Ala. 2000) (quoting *Baker v. Bennett*, 603 So. 2d 928, 935 (Ala. 1992)).

Rule 9(b) requires the following: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).  This "particularity rule serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1370–71 (11th Cir. 1997).  "Rule 9(b) is satisfied if the complaint sets forth '(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.'" *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (quoting *Brooks*, 116 F.3d at 1371).

Plaintiffs' complaint falls short of satisfying the particularity standard in Rule 9(b) with respect to their claim of fraudulent misrepresentation. While alleging that Bank of America and Selene Finance "made material misrepresentations to Plaintiffs for which they relied on," the complaint fails to specify the actual misrepresentations, when they were made, why they were material, or who made the alleged misrepresentations. Plaintiffs' threadbare recitals of the elements of fraud in Count 1 are insufficient to state a plausible claim of fraudulent misrepresentation against the Defendants. *See Iqbal*, 556 U.S. at 678.

Moreover, notwithstanding Plaintiffs' failure to provide particularized allegations of Defendants' misrepresentations, Plaintiffs improperly attempt to recast their breach of contract claim into a fraud claim. According to Plaintiffs in their response brief, Selene Finance's Notice of Default and Intent to Accelerate constitutes "a misrepresentation of material facts" in that the Loan Modification Agreement does not give Selene Finance the right to default Plaintiffs and accelerate their note when Plaintiffs have met the terms of the modification." Plaintiffs, therefore, appear to ask the court to read this argument into their complaint as suggesting that Selene Finance's notice constitutes the material fraudulent misrepresentation. (Doc. 9 at p. 4).

17

A mere breach of a contractual provision is not sufficient to support a charge of fraud." *Brown-Marx Assoc., Ltd v. Emigrant Sav. Bank*, 703 F.2d 1361, 1370-71 (11th Cir. 1983). *See also Hunt Petroleum Corp. v. State*, 901 So. 2d 1, 10 (Ala. 2004) (Houston, J. concurring) (explaining that "to assert a fraud claim that stems from the same general facts as one's breach-of-contract claim, the fraud claim must be based on representations independent from the promises in the contract and must independently satisfy the elements of fraud"). Plaintiffs' fraudulent misrepresentation claim arises from the same general facts as their breach of contract claim in that it similarly challenges Selene Finance's improper acceleration of the loan in breach of the mortgage contract's contractual terms. Plaintiffs' attempt to transform Selene Finance's failure to comply with the contract into one of fraud, therefore, must fail.

### C.    Fraudulent Suppression

Plaintiffs' claim in Count 5 that: (1) Defendants "suppressed material facts regarding Plaintiffs' loan modification, status, servicing and homeowners insurance;" (2) Defendants "had duties to disclose these material facts;" (3) Defendants "concealed or suppressed these material facts;" (4) Defendants induced Plaintiffs to act or refrain from acting due to Defendants' suppression; and (5) "Plaintiffs suffered damage as a proximate consequence of Defendants' acts of suppression." (Doc. 1-7 at p. 7). Bank of America and Selene Finance each contend in their motions to

18

dismiss that Plaintiffs has not alleged their fraudulent suppression claim with sufficient particularity under Federal Rule of Civil Procedure 9(b).  (Doc. 6 at p. 5; Doc. 7 at pp. 13-14).

"In order to establish [its] claim of fraudulent suppression, [Plaintiffs were] required to prove 1) that [each defendant] had a duty to disclose material facts; 2) that [each defendant] concealed or failed to disclose those facts; 3) that the concealment or failure to disclose those facts induced [Plaintiffs] to act or refrain from acting; and 4) that [Plaintiffs] suffered actual damage as a proximate result."  *Keck v. Dryvit Sys., Inc.*, 830 So. 2d 1, 11 (Ala. 2002).  "'[A]n action for suppression will lie only if the defendant actually knows the fact alleged to be suppressed.'" *Cook's Pest Control, Inc. v. Rebar*, 28 So. 3d 716, 726 (Ala. 2009) (quoting *McGarry v. Flounoy*, 624 So. 2d 1359, 1362 (Ala. 1993)).

Plaintiffs' complaint falls short of satisfying the particularity standard in Rule 9(b) with respect to their claim of fraudulent suppression.  While alleging that Bank of America and Selene Finance suppressed certain facts, the complaint fails to specify with any particularity what facts were suppressed, when they were made, why they are material, and who suppressed them.  Plaintiffs' response to Defendants' motions to dismiss likewise fails to offer any particulars as they argue in a general and conclusory fashion that: (1) following the transfer of the loan documents from Bank

of America to Selene Finance, "the obligations of both defendants as a result of the defendant have been concealed from Plaintiffs"; and (2) "the effect on Plaintiff's loan and status account status as a result of the transfer have also been concealed. Plaintiff's threadbare recitals of the elements of fraudulent suppression in Count 5 are insufficient to state a plausible claim against both Defendants. *See Iqbal*, 556 U.S. at 678.

## VI.   CONCLUSION AND RECOMMENDATION

Accordingly, for the reasons as stated, it is the **RECOMMENDATION** of the Magistrate Judge that: (1) Defendant Bank of America's motion to dismiss (Doc. 6) be **GRANTED** in its entirety; and (2) Defendant Selene Finance's motion to dismiss (Doc. 7) be **DENIED in part** and **GRANTED in part**.   Selene Finance's motion to dismiss (Doc. 7) is due to be **DENIED** as to Plaintiffs' breach of contract claim and **GRANTED** as to all remaining claims.

It is **ORDERED** that the parties shall file any objections to the said Recommendation on or before **June 3, 2016.**   Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.   Frivolous, conclusive or general objections will not be considered by the District Court.   The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

**DONE** and **ORDERED** this the 20th day of May, 2016.

/s/ Paul W. Greene
United States Magistrate Judge

21