IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| IVIN GUNN, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:16-CV-161-WKW |
| | ) | [WO] |
| BANK OF AMERICA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On May 20, 2016, the Magistrate Judge filed a Recommendation (Doc. # 14) to which Defendant Selene Finance, LP ("Selene") timely filed objections (Doc. # 17).   An independent and *de novo* review of those portions of the Recommendation to which Selene objects, *see* 28 U.S.C. § 636(b), confirms that the objections should be overruled and the Recommendation adopted.

Selene takes issue generally with the Magistrate Judge's recommendation that Plaintiffs' breach of contract claim should survive its motion to dismiss.  (Doc. # 17, at 2.)  More specifically, Selene argues that the Magistrate Judge erred in finding (1) that the modification agreement was a valid, binding contract, and (2) that Plaintiffs performed their obligations under the loan modification agreement. These arguments will be addressed in turn.

It must first be noted that the Magistrate Judge did not find, as Selene suggests, that the loan modification agreement constitutes a valid, binding contract.  Upon

consideration of Selene's motion to dismiss, the Magistrate Judge instead concluded that "Plaintiffs' complaint adequately alleges that [a] valid [contract] exist[s] between Plaintiffs and . . . Selene Finance." (Doc. # 14, at 11.) Whether the modification agreement is in fact a valid, binding contract is a question for another day. For now, the relevant inquiry is whether the allegations in the complaint plausibly support this element of Plaintiffs' breach of contract claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

On the issue of whether Plaintiffs plausibly allege the existence of a binding contract, Selene argues that, because Plaintiffs did not meet the preconditions set forth in the loan modification agreement, Plaintiffs have not adequately alleged that the loan modification agreement was in effect. (Doc. # 17, at 6.) The only authority supporting Selene's argument on this point is the language of the modification agreement itself. In its preconditions section, the loan modification agreement does contain a provision requiring that the bankruptcy court approve the modification in "my bankruptcy case." (Doc. # 17-1, at 4.) It is undisputed that the bankruptcy court approved the modification in the bankruptcy case of Plaintiff Ivin Gunn ("Gunn"). It is also undisputed that the bankruptcy court did not approve the modification agreement in the separate bankruptcy case of Plaintiff Qunita

Williams ("Williams").   What is unclear is the ultimate legal effect of these facts on the validity of the loan modification agreement.   Selene has cited no other authority supporting the proposition that, because the bankruptcy court adopted the agreement in Gunn's case, but did not adopt the modification agreement in Williams's case, the modification agreement is void as to one or both Plaintiffs.[1]

On the occasion of this motion to dismiss, all facts alleged in the complaint must be accepted as true and construed in the light most favorable to Plaintiffs. *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012).   The import of the preconditions language in the modification agreement, which requires that the modification be approved by the bankruptcy court "in my bankruptcy case," is unclear.   (*See* Doc. # 17-1, at 4.)   And there is no dispute that the bankruptcy court did adopt the modification in Gunn's bankruptcy case.   In light of this ambiguity, at least for purposes of resolving the motion to dismiss, it cannot be said that both Plaintiffs failed to plausibly allege that the modification agreement constitutes a valid, binding contract.   *See Iqbal*, 556 U.S. at 678.   That is, one could reasonably infer from these allegations that the modification agreement is valid and binding as

---

[1] Selene also contends that when it received the loan modification agreement from Bank of America, the agreement was marked "VOID."   Throughout the course of this litigation, Selene has filed two different versions of the loan modification agreement.   The version attached to Selene's objection is marked "VOID."   (Doc. # 17-1, at 2.)   The version attached to Selene's motion to dismiss, however, is not so marked.   (Doc. 7-1, at 2.)   Suffice it to say that this is a curious discrepancy.

to Williams, Gunn, and Selene.    Accordingly, as they relate to this portion of the Magistrate Judge's findings, Selene's objections are due to be overruled.

Selene's second argument likewise does not carry the day.    Selene argues that the Magistrate Judge erred in finding that Plaintiffs performed under the contract and that Selene breached the contract by exercising its right to accelerate.    Again, the relevant inquiry here is whether the allegations in the complaint plausibly support the performance and breach elements of Plaintiffs' breach of contract claim.    *Iqbal*, 556 U.S. at 678.    According to Selene, Plaintiffs failed to make timely payments under the original note and mortgage agreement.    But Plaintiffs have plausibly alleged that their payment obligations were altered by operation of the modification agreement.    Plaintiffs also have alleged that they continued making payments as required under this new agreement.    Whether Plaintiffs made payments in compliance with the terms of the original note and mortgage agreement are of no moment.

As the Magistrate Judge found, Plaintiffs' factual allegations are sufficient to support the finding that Plaintiffs performed their obligations by making payments as required under the loan modification agreement.    (Doc. # 14, at 13–14; *see also* Doc. # 1-7, at 4.)    They also have sufficiently alleged that, because they did not default on their obligations under the terms of the modified agreement, Selene

4

breached the contract by prematurely exercising its right to accelerate.   (Doc. # 14, at 13–14; *see also* Doc. # 1-7, at 4, 22–23.)   Accordingly, Selene's objections on this point are due to be overruled.

Based on the foregoing, it is ORDERED as follows:

(1)    The Objections filed by Selene Finance, LP (Doc. # 17) are OVERRULED;

(2)    The Recommendation of the Magistrate Judge (Doc. # 14) is ADOPTED;

(3)    The motion to dismiss filed by Defendant Bank of America (Doc. # 6) is GRANTED in its entirety and the Clerk of the Court is DIRECTED to terminate Bank of America as a defendant in this action;

(4)    The motion to dismiss filed by Defendant Selene Finance LP (Doc. # 7) is GRANTED in part and DENIED in part.   The motion is DENIED as to Plaintiffs' breach of contract claim in Count 4.   The motion is GRANTED as to all other claims.

DONE this 11th day of July, 2016.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE